FILED
2/6/26  3:00PM
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CARLOS ENRIQUE DIAZ ROQUE

CASE NO. 8:26-CR-48-JLB-AEP

18 U.S.C. § 1505
(Obstruction of Official Proceeding)

### INFORMATION

The United States Attorney charges:

### COUNT ONE
**(Obstruction of Official Proceeding)**

### Introduction

At all times material to this Information:

1. CARLOS ENRIQUE DIAZ ROQUE ("DIAZ") resided within the Middle District of Florida. As of January 2025, DIAZ resided in Hillsborough County, Florida. On or about June 13, 2025, DIAZ moved to Hernando County, Florida. Both Hillsborough and Hernando counties are within the Middle District of Florida.

2. On or about February 28, 2024, the Florida Department of State commissioned DIAZ as a notary public. DIAZ maintained a business address in Hillsborough County, Florida, located within the Middle District of Florida. Part of DIAZ's business included preparing immigration documents for clients. DIAZ was not licensed to practice law in the State of Florida, or any other state.

3. Client-1 hired DIAZ to prepare immigration documents. Client-1 resided in Hillsborough County, Florida, located within the Middle District of Florida.

4. The Orlando Immigration Court was one of three Immigration Courts in the State of Florida, and the only Immigration Court within the Middle District of Florida. The Orlando Immigration Court was an administrative law court of the United States.

5. The Orlando Immigration Court fell under the jurisdiction of the Office of the Chief Immigration Judge, which was a component of the Executive Office for Immigration Review under the United States Department of Justice, a Federal Government agency. Orlando Immigration Court judges conduct official proceedings authorized by law to determine, among other things, whether a person is removable, deportable, or excludable from the United States.

6. The Office of the Principal Legal Advisor, Orlando, Immigration and Customs Enforcement ("OPLA"), represents the United States Department of Homeland Security in official proceedings before the Orlando Immigration Court.

7. On February 3, 2025, DIAZ caused to be filed a Motion for Administrative Closure on behalf of Client-1, a respondent in an official proceeding before the Orlando Immigration Court. That same day, DIAZ also caused to be filed a document captioned, "The Department of Homeland Security's Opposition to the Respondent's Motion Administratively Close Proceedings" in Client-1's Orlando Immigration Court proceedings. Notwithstanding its caption, the document stated

that the Department of Homeland Security "requests that the Court don't deny the respondent's motion to administratively close proceedings in the above-captioned case." DIAZ signed the document in the name of OPLA Assistant Chief Counsel-1.

8. In fact, as the defendant well knew, OPLA Assistant Chief Counsel-1 did not prepare, sign, file or authorize that document to be filed with the Orlando Immigration Court in Client-1's proceedings or in any other proceedings.

9. On or about June 30, 2025, Client-1 testified under oath about the Motion for Administrative Closure in a hearing held in the Orlando Immigration Court relative to his official proceedings before that administrative tribunal. Client-1 testified in Spanish, and a court interpreter translated his answers to questions.

10. Among other things, Client-1 testified that he had hired DIAZ to file documents to close his Orlando Immigration Court proceedings. Client 1 denied under oath ever seeing "The Department of Homeland Security's Opposition to the Respondent's Motion Administratively Close Proceedings" or knowing anything about that document before the June 30, 2025 hearing.

11. On or about November 18, 2025, two agents from the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations interviewed DIAZ at his home in Hernando County, Florida. After agents advised DIAZ that lying to them constituted a Federal crime, DIAZ signed a written acknowledgment and agreed to speak with them.

12. DIAZ told the agents that his notary business included helping clients fill out immigration paperwork. The agents showed DIAZ a picture of Client-1, and the defendant identified Client-1. The agents then showed DIAZ the document captioned, "The Department of Homeland Security's Opposition to the Respondent's Motion Administratively Close Proceedings," filed in Client-1's case. DIAZ admitted to the agents that he caused the document to be filed by giving it to Client-1 to mail to the Orlando Immigration Court.

## Statutory Allegations

13. On or about February 3, 2025, in the Middle District of Florida, the defendant,

CARLOS ENRIQUE DIAZ ROQUE,

did corruptly influence, obstruct and impede, and endeavored to influence, obstruct and impede, the due and proper administration of the law under which a pending proceeding, to wit, an Orlando Immigration Court case involving Client-1, by making and filing in Client-1's case a document on behalf of OPLA Assistant Chief

Counsel-1; well knowing and believing that Assistant Chief Counsel-1 did not make or sign that document and did not authorize that document to be filed.

In violation of 18 U.S.C. § 1505.

GREGORY W. KEHOE
United States Attorney

By: _____
Adam W. McCall
Assistant United States Attorney

By: _____
Diego F. Novaes
Assistant United States Attorney
Deputy Chief, Violent Crimes and Racketeering Section